# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 05-376 (DSD-JJG) |
| Plaintiff, | |
| v. | **REPORT** |
| | **AND** |
| **Elman Lainfiesta-Areyanos,** | **RECOMMENDATION** |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on December 21, 2005, on the pretrial motions of defendant Elman Lainfiesta-Areyanos. Omar A. Syed, Assistant United States Attorney, appeared on behalf of the Government. Caroline Durham, Esq., appeared on behalf of Mr. Lainfiesta-Areyanos (Lainfiesta). Lainfiesta advances a Motion to Suppress (Doc. No. 18). At the motion hearing, Lainfiesta stated that the issues were whether officers lawfully arrested him and seized the contents of his vehicle. These motions to suppress evidence are referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

## I.    BACKGROUND

This prosecution against Lainfiesta originates from an investigation by Officer Kurt Radke of the Minneapolis Police Department. On approximately October 25, 2005, Radke was involved in the arrest of another individual for delivering four ounces of methamphetamine to an undercover officer. In exchange for his release from custody, that person agreed to become an informant.

According to Radke, the informant was "considered to be reliable" and had previously assisted police with other operations. Based on information supplied by the informant, Radke set up a surveillance operation on October 26. But this operation did not result in any arrests.

The informant then helped set up a sting operation for the evening of October 27. Radke testified that, according to the informant, a man known as Elman was selling large quantities of methamphetamine. The informant described Elman as a latino man, of medium height and slender build, and added that Elman drove a maroon Honda. The informant called Elman and set up a deal to purchase one to two pounds of methamphetamine. They agreed that the transaction would take place at an apartment building in St. Paul between 5:30 and 9:00 p.m.

Police set up surveillance in the area the apartment building. At approximately 7:20 p.m., Radke saw a maroon Honda pull into the parking lot for the building. The driver and sole occupant was a latino man of medium height and slender build. Radke states that, although it was the early evening, the parking lot was well lit and there was no difficulty viewing the driver. Police stopped the Honda and immediately detained the driver, who was subsequently identified as Lainfiesta.

While patting down Lainfiesta, police found a mobile phone. The call records on the phone indicated that Lainfiesta had received a call from the informant earlier that day. Police drove the Honda to another location, approximately one block away, and searched it. During the search, police seized a bag on the passenger side floorboard. The bag contained a box that in turn contained a brick of a substance wrapped in cellophane. Subsequent testing determined that the substance was methamphetamine.

## II. DISCUSSION

Lainfiesta challenges his arrest and the ensuing seizure of the methamphetamine from the vehicle.

The parties have not contested that Lainfiesta was placed under arrest when he reached the parking lot. The initial inquiry is whether this arrest is founded on probable cause.

Probable cause is established for a warrantless arrest when officers have knowledge, at the time the arrest was made, of facts and circumstances warranting a reasonable belief that the suspect had committed a crime. *United States v. Tovar-Valdivia*, 193 F.3d 1025, 1028 (8th Cir. 1999). Probable cause may be supported by a tip from an informant, but where the reliability of that informant is unknown, the tip must be corroborated through independent observation. *United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995).

Where an informant helps set up a sting operation, and that informant accurately relates details about the suspect, then officers' independent observation of such details will support probable cause. *United States v. Taylor*, 106 F.3d 801, 803 (8th Cir. 1997). These details may include a physical description of the suspect, the use of a particular vehicle, contact by a particular phone number, or arrival at a designated time and place. *United States v. Young*, 184 F.3d 781, 783 (8th Cir. 1999); *Brown*, 49 F.3d at 1349. Thus where an informant helps set up a string operation, predicts the arrival of the suspect at a particular time and place, and accurately describes the suspect and the suspect's vehicle, officers have probable cause to arrest the suspect. *Taylor*, 106 F.3d at 803.

Here the informant called a man known as Elman, whom the informant claimed was a dealer in large quantities of methamphetamine, and set up an illegal drug transaction. The informant provided a physical description of Elman and identified the car he drove. A person answering this description, driving the same car, arrived at the designated time and place for the transaction. These facts are sufficient to support a reasonable belief that the person was committing a crime. Thus the officers had probable cause

to arrest Lainfiesta.

Because the informant had been recently arrested for an unrelated offense, there is some reason to suggest that the informant was not credible. Although Radke stated that the informant was reliable, Radke did not offer any meaningful basis for this claim. But even if an informant is not otherwise reliable, a tip may be sufficiently corroborated by the independent observations of other officers. "When an informant's data is at least partially corroborated, attacks upon credibility and reliability [of an informant] are not crucial to a finding of probable cause." *Taylor*, 106 F.3d at 103. Given the level of corroboration here, it is not necessary to further examine whether the informant was reliable.

The remaining question is whether officers could lawfully seize evidence from Lainfiesta's vehicle. Officers may undertake a warrantless search of a vehicle, under the automobile exception, when those officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime. *United States v. Ross*, 456 U.S. 798, 808 (1982). Probable cause is evaluated according to the totality of the circumstances, including the collective knowledge of officers working together at the scene. *United States v. Wells*, 347 F.3d 280, 288 (8th Cir. 2003).

Where a suspect drives a vehicle to the site of an expected drug transaction, for the purpose of selling drugs at that site, officers have probable cause to search the vehicle for drugs. *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993); *cf. United States v. Kennedy*, 427 F.3d 1136, 1140-41 (8th Cir. 2005) (holding that officers cannot search the vehicle of a known drug dealer without factual details linking the vehicle to the time and place of a drug transaction). As determined above, officers had probable cause to believe that Lainfiesta had arrived at a particular site for the purpose of selling drugs. This belief was further corroborated when, following the arrest, officers seized the phone and verified that Lainfiesta

had received a call from the informant. Because the vehicle had been driven by a suspected drug dealer to the site of a transaction, police had probable cause to search the vehicle for illegal drugs.

Once probable cause is established, officers may proceed to search the vehicle, even if that vehicle has already been impounded or placed in police custody. *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam). Thus the fact that officers moved the Honda, or exercised custody over it, did not affect the legality of the ensuing search. And when officers carry out a search under the automobile exception, they may search containers in the vehicle that may contain the suspected contraband. *Ross*, 456 U.S. at 818-19. The scope of the search, therefore, properly extended to the bag and box in which the drugs were wrapped.

### III.  CONCLUSION

For the reasons discussed above, this Court concludes that law enforcement lawfully seized methamphetamine from the vehicle. Because the conduct of law enforcement did not violate the Fourth Amendment, this evidence may be admitted at trial. This Court recommends, therefore, that Lainfiesta's motion to suppress evidence be denied.

### IV.  RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Lainfiesta's Motion to Suppress (Doc. No. 18) be **DENIED.**

Dated this 9thday of January 2006                    s/Jeanne J. Graham

                                                                            JEANNE J. GRAHAM
                                                                            United States Magistrate Judge

Under Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 27, 2006, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A District Court Judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is not appealable directly to the Court of Appeals.